UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

In Re:

BOBBY KEITH ADKINS,

      Debtor.                                         CASE NO. 2:14-bk-20211

                                                                     CHAPTER 7

QUALITY CAR AND TRUCK
LEASING, INC.,

      Plaintiff,

vs.                                                      A. P. NO. _____

BOBBY KEITH ADKINS,

      Defendant.

**QUALITY CAR AND TRUCK LEASING, INC.'S COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE AND/OR THE DISCHARGEABILITY OF CERTAIN CLAIMS OWING FROM DEBTOR TO  QUALITY CAR AND TRUCK LEASING, INC.**

      Comes now Quality Car and Truck Leasing, Inc. for its complaint objecting to Debtor's discharge and/or objection to the dischargeability of certain claims owing from Debtor to Quality Car and Truck Leasing, Inc., and states as follows:

**Parties, Jurisdiction and Venue**

      1.       Plaintiff Quality Car and Truck Leasing ("Quality Car"), is an Ohio corporation, is claimant in this bankruptcy case and is a party in interest.

      2.       Defendant, Bobby Keith Adkins (sometimes "Adkins" or "Debtor"), is the Debtor in the above referenced bankruptcy case.

3. On the 23rd day of April, 2014, the Adkins filed his Voluntary Petition seeking liquidation pursuant to Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, et. seq. (the "Code").

4. The Court has jurisdiction over this proceeding pursuant to Section 1334 of the Code and the Order of Reference entered by the District Court.

5, This is a core proceeding pursuant to § 157(b)(2)(I) of the Code.

6. Venue of the claims asserted against the Adkins is based upon § 1409(a) of the Code as this proceeding arises in and relates to a case under the Bankruptcy Code that is pending in this District.

**Facts**

7. Debtor, Bobby Keith Adkins, also known as Keith Adkins, lives in Jackson County, West Virginia, at his farm and residence located at 714 Knotts Road, Ripley, West Virginia 25271 (hereafter sometimes referred to as "the Farm"), and, at various times, present and past, does and has done business as "Adkins Farms" and "Adkins Farms Rental Equipment," and is and has been involved in the businesses of farming, the sale of agricultural supplies and equipment, the rental of agricultural equipment and vehicles, and the sale of commercial vehicles (hereinafter "Adkins' Businesses").

8. Jacob Adkins (hereinafter referred to as "Jacob Adkins") who is a resident of Jackson County, West Virginia, is Adkins' son, now lives with or in the past has lived with Adkins on the Farm, and at all times pertinent to the allegations in the complaint has been an employee and/or partner and/or associated in some capacity in Adkins' Businesses.

9. At various times prior to about January 2009, Adkins purchased various items of farm equipment solely for use in his farm equipment rental business and entered into several

financing arrangements with Quality Car whereby Quality Car took purchase money security interests in the purchased equipment.

10. At or prior to January 2009, Adkins defaulted under the purchase money security agreements under which he had given to Quality Car liens upon the purchased equipment.

11. As part of the negotiations concerning Adkins' default under the security agreements, Quality Car agreed to refinance the several financing agreements on the condition that Jacob Adkins become a co-maker and joint obligor under the refinancing agreements.

12. As a result of the agreement to refinance the several debts owing to Quality Car, on or about January 12, 2009, Adkins and Jacob Adkins executed and delivered to Quality Car (a) a certain Security Agreement (Installment Sale Contract) dated January 12, 2009, and (b) a second Security Agreement (Installment Sale Contract) dated January 12, 2009, (hereafter sometimes "Security Agreements").

13. Pursuant to the Security Agreements, Adkins and Jacob Adkins (to the extent of his interest, if any) granted to Quality Car liens and security interests in the 87 pieces or categories of equipment and vehicles described in the attached Exhibit A (hereinafter referred to as "the Equipment"). Adkins provided to Quality Car bills of sale and other documentation showing the descriptions, serial numbers and purchase prices of the equipment and vehicles listed on Exhibit A, and Quality Car relied on Adkins' representations concerning the accuracy of the representations.

14. Quality Car had perfected first liens in the Equipment by timely and properly filing Uniform Commercial Code Financing Statements and noting liens on titles of equipment requiring liens to be shown on titles.

15. The Adkinses defaulted under Security Agreements.

16. Quality Car made numerous and continuous efforts to locate and repossess the Equipment, but the Adkinses failed and refused to comply with Quality Car's requests to make the Equipment available to Quality Car so that it could employ its rights under the Security Agreements to resell the Equipment; but, to the contrary, the Adkinses concealed and secreted the Equipment.

17. Unable to locate the Equipment, Quality Car made numerous telephone calls to in-state and out-of-state equipment dealers and auctioneers, attempting to determine the whereabouts of the Equipment.

### The Joe R. Pyle Auctioneer Service Transaction

18. In October 2009, Adkins sold certain items of the Equipment through the Joe R. Pyle Auction Service. This sale took place in Mount Morris, Pennsylvania (hereafter "the Joe R. Pyle Auction"). The sale of this equipment was made without the prior permission or knowledge of Quality Car. Quality Car did not discover the sale until about December 2009.

19. On October 24, 2009, Adkins used $17,000 from the proceeds of the auction sale to purchase a certain 2007 Dodge Crew Cab, Serial Number 3D7KS28C47G709748 (hereafter "the Dodge Crew Cab") from Ken & Coy Rock, Inc. of Pineville, West Virginia. This vehicle had been a part of the same auction at which various items of Equipment had been sold. Adkins had Jacob Adkins noted as the purchaser on the seller's title.

20. Four days later, on October 28, 2009, Adkins and/or Jacob Adkins borrowed $17,000 from Traders Bank in Ripley, West Virginia and used the Dodge Crew Cab as security for the loan. Subsequently, the West Virginia Department of Transportation, Division of Motor Vehicle issued a Certificate of Title, showing Jacob Adkins as owner and noting the Traders Bank lien.

21.     On April 26, 2010, Jacob Adkins sold the Dodge Crew Cab to Ronald and Monica May, who as bona fide purchasers of the vehicle, took the same free of any claim of Quality Car to the attachment of a lien to the proceeds of the Joe R. Pyle auction.

22.     This series of transactions essentially converted Quality Car's lien on the $17,000's worth of secured collateral.

## Quarrick Equipment & Auction, Inc. Sale(s)

23.     On information and belief, at time(s) unknown to Quality Car, Adkins transported to Quarrick Equipment & Auction, Inc. ("Quarrick") in Uniontown, Pennsylvania, certain items of the Equipment.

24.     Sometime in March or early April of 2009, Adkins took some unidentified pieces of the Equipment to Quarrick.

25.     Quarrick held an auction on April 2, 2009, which apparently included some or all of the delivered equipment at that time and on information and belief Quarrick sold some of the equipment delivered by Adkins at that auction.

26.     As a consequence of the auction sale, Quarrick issued its check 6119 in the sum of $10,523.50 and made payable to Adkins.

27.     On April 20, 2009, Jacob Adkins deposited the Quarrick check into his account at City National Bank and withdrew $1,398.50 in cash.

28.     According to a letter dated August 30, 2010, from Adkins' attorney, David K. Moore, to Quality Car, Quarrick sold at an auction (unidentified as to place and time) a Kubota DX-22 backhoe for $9,600, 2 BL-40 Finn straw blowers for $5,000 and a Case D-125 hoe for $2,000.

29. The Quarrick sale(s) of the equipment was/were made without the prior permission or knowledge of Quality Car.

30. David K. Moore transmitted to Quality Car the purported proceeds of an unidentified Quarrick auction by and in the form of a check drawn on David K. Moore's trust account, which was attached to a letter from Mr. Moore dated August 30, 2010.

### Greg May Sale

31. At some unknown time, Adkins purportedly sold to a person identified by David K. Moore as Greg May an HR-16 Terex Hoe for $12,500 and a Bosh electric hammer for $500.

32. The sale of this equipment was made without the prior permission or knowledge of Quality Car.

33. The proceeds of this sale were transmitted to Quality Car by Mr. Moore via a $13,000 cashier's check drawn on the accounts of First Neighborhood Bank in Spencer, West Virginia.

### Miscellaneous Sale

34. At some unknown time, Adkins purportedly sold to an unidentified person a stone mixer for $400 and a Ditch Witch for $1,750.

35. The sale of this equipment was made without the prior permission or knowledge of Quality Car.

36. The proceeds of this sale were transmitted to Quality Car in the form of a check drawn on David K. Moore's trust account, which was attached to a letter from Mr. Moore dated August 30, 2010.

**Proceedings in Circuit Court of Jackson County**

37. In August 2009, Quality Car filed an action in the Circuit Court of Jackson County, West Virginia styled Quality Car & Truck Leasing, Inc. v. Keith Adkins and Jacob Adkins, Civil Action, No. 09-C-130, seeking immediate possession of those pieces of Equipment that it could not locate (hereafter "Missing Collateral"). This motion was made pursuant to the provisions of West Virginia Code §55-6-1, et seq., and also demanded damages under Section 6 of the Article.

38. After having served discovery requests on the defendants seeking to locate the Missing Collateral and after having received either no responses or inadequate responses to the discovery requests, in October 2010 Quality Car filed a motion to compel, which the Court heard on November 10, 2010.

39. As a result of November 10th hearing, the Circuit Court entered an order on December 6, 2010, requiring defendants to serve full and complete answers to the discovery requests by November 20, 2010.

40. At a hearing held by the Court on December 27, 2010, the Court found that the defendants had "failed in their duties to respond to the discovery requests," either by not filing a response (Jacob Adkins) or responses which were "incomplete, nonresponsive, evasive, vague, and otherwise insufficient under the law and the order" (Keith Adkins). The Court entered an order continuing the proceedings to January 6, 2011, noting that one of the sanctions for continued noncompliance and contempt with his order was the possibility of incarceration and monetary fine.

41. At the continued hearing on January 6, 2011, the Court found that Keith Adkins had failed to serve responses to the discovery requests in violation of his December 6th order,

Keith Adkins' failure was "willful and contumacious" and by an order entered on January 18, 2011, required him to pay a fine of $100.00 per day in order to coerce compliance with his December 6th order.

42.     During the time of the proceedings before the Circuit Court, Adkins made threats to Quality Car that he would permanently hide and/or destroy the Missing Collateral.

43.     At or about the time of the January 6th hearing, Adkins made available to Quality Car some, but not all, of the items of the Missing Collateral, which were then located at the Farm.

44.     To date, Adkins has not filed any response to the discovery requests or otherwise complied with the Circuit Court's orders.

45.     On December 3, 2013, the Circuit Court entered a judgment in favor of Quality Car against Adkins for $281,459.83, plus prejudgment interest of $83,523.47 through October 15, 2013, and additional prejudgment interest at the contract rate of 11.25% per annum on the principal amount from and after October 16, 2013 until the date of judgment, and post judgment interest thereafter at the legal rate, plus the court costs of $191.00 (hereafter "the Judgment").

46.     This judgment was a deficiency judgment based on a motion of summary judgment filed by Quality Car.  Quality Car supported the motion with affidavits that demonstrated Adkins had been given credit for all of the equipment that had been repossessed and resold and all of the monies that had been tendered to Quality Car by Adkins, his attorney or auctioneers.  Adkins did not oppose the motion, either by the filing of pleadings or argument at the hearing on the motion.

47.     To this date Quality Car has been unable to locate those items of the Equipment identified as Numbers 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, 21, 29, 31, 32, 34, 35, parts of the

list at 39,  41, 45, 46, 47, 51, 62, 63, 64, 65, 73, 75, 77, 79, 80, 81, 82, and 84 on the attached Exhibit A.

### COUNT 1

48.     Plaintiff reasserts and realleges each and every allegation contained in Paragraphs 1 to 47.

49.     The conduct of Adkins falls within those acts set forth in Section 523(a) of the Code which is an exception to the discharge to which he would otherwise be entitled.

### COUNT 2

50.     Plaintiff reasserts and realleges each and every allegation contained in Paragraphs 1 to 47.

51.     The conduct of Adkins falls within those acts set forth in Section 727 which is an exception to the discharge to which he would be otherwise entitled.

**WHEREFORE**, the Plaintiff, Quality Car, prays Debtor be denied a discharge under Section 727 of the Code, that its claim for the reasonable value of the Missing Collateral not be subject to discharge, and that Quality Car have such other and further relief as may be lawful and proper.

                    **QUALITY CAR AND TRUCK LEASING, INC.**
                    By Counsel

s/ Thomas H. Vanderford, IV
Thomas H. Vanderford, IV
WV SB #3845
Pauley Curry, PLLC
P. O. Box 2786
Charleston, WV  25330
Tel:  (304) 342-6000
Fax: (304) 342-6007
*Counsel for Plaintiff Quality Car and Truck Leasing, Inc.*

9

# CERTIFICATE OF SERVICE

    I, Thomas H. Vanderford, IV, counsel for Plaintiff, Quality Car and Truck Leasing, Inc., in the within Adversary Proceeding, do hereby certify that I have this 18th day of July, 2014, served a true and exact copy of "**SUMMONS IN AN ADVERSARY PROCEEDING**" and the within pleading captioned "**QUALITY CAR AND TRUCK LEASING, INC.'S COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE AND/OR THE DISCHARGEABILITY OF CERTAIN CLAIMS OWING FROM DEBTOR TO QUALITY CAR AND TRUCK LEASING, INC.**" upon the following:

    Bobby Keith Adkins
    714 Knotts Run Road
    Ripley, West Virginia  25271
    *Debtor/Defendant*
    Via first class U. S. Mail

    Theodore Davitian, Esq.
    *Debtor's Attorney*
    Via ECF

    Thomas H. Fluharty, Esq.
    *Trustee*
    Via ECF

    Debra A. Wertman, Esq.
    *Assistant U. S. Trustee*
    Office of the U. S. Trustee
    Via ECF

                                          s/ Thomas H. Vanderford, IV
                                              Thomas H. Vanderford, IV