Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: September 13th, 2017**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| IN RE: <br><br> BOBBY KEITH ADKINS, <br><br>                 Debtor. | CASE NO. 2:14-bk-20211 <br><br> CHAPTER 7 <br><br> JUDGE FRANK W. VOLK |
| QUALITY CAR AND TRUCK LEASING, INC., <br><br>                 Plaintiff, <br> v. <br><br> BOBBY KEITH ADKINS, <br><br>                 Defendant. | ADVERSARY PROCEEDING NO. 2:14-ap-2082 |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO RECONSIDER

Pending is Debtor-Defendant Bobby Keith Adkins' Motion to Reconsider [Dckt. 92] and Plaintiff Quality Car and Truck Leasing, Inc.'s Response [Dckt. 95]. The subject of the Motion to Reconsider is the Court's Memorandum Opinion and Order, entered February 15, 2017 [Dckt. 87], which granted partial summary judgment in favor of Quality Car and Truck Leasing, Inc. ("Quality Car") based on section 523(a)(6) of the Bankruptcy Code.

In his Motion, Mr. Adkins does not list a Bankruptcy Code section or Bankruptcy Rule under which he is requesting reconsideration. This Court will evaluate Mr. Adkins' arguments under Federal Rule of Civil Procedure 60(b), made applicable herein by Federal Rule of Bankruptcy Procedure 9024. Federal Rule of Civil Procedure 59 does not apply, inasmuch as

the request for reconsideration was filed more than fourteen days after the Court entered its judgment. Fed. R. Bankr. P. § 9023; Fed. R. Civ. P. § 59.

A successful Rule 60(b) motion requires that "a party . . . demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (*citing Dowell v. State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). After passing through these gateway requirements, the movant "must satisfy one of the six specific subsections of Rule 60(b)." *Id.* (internal quotation marks omitted). Only four of the Rule 60(b) subdivisions conceivably apply here, namely, (1), (2), (3) and (6). The specific grounds permit relief when there has been "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. § 60(b)(1) – (3), (6). The Court need not, however, reach the applicability of these four subdivisions inasmuch as Mr. Adkins has not demonstrated the four gateway requirements that precede them.

While the Motion is timely, inasmuch as it was filed "within a reasonable time," it lacks mention of either a meritorious defense or exceptional circumstances. For example, the Motion does not refute the undisputed fact that there were collateral sales in violation of his security agreement with Quality Car. Also, Mr. Adkins does not challenge with admissible evidence the undisputed fact that he concealed Quality Car's collateral. Instead, he contends that he did not receive notice of the cancelled trial in this matter, nor did he have an opportunity to present evidence in response to Quality Car's Motion for Summary Judgment.

Those assertions are plainly inaccurate. First, Mr. Adkins received notice that his trial was cancelled. The notice was mailed to Mr. Adkins at his home address, according to docket no. 85. Second, Mr. Adkins was provided a *Roseboro*-type notice elaborating upon his right and obligation to present evidence in response to Quality Car's Motion for Summary Judgment. The notice was sent on October 16, 2016, and Mr. Adkins, as noted, responded to the motion for summary judgment. No hearing was required.

With regards to Mr. Adkins' physical ailments, the more in-depth diagnostic information submitted with his Motion indicates he may suffer from a serious physical ailment. The medical evidence now submitted by Mr. Adkins, however, which appears designed to flesh out a predatory loan defense, simply does not rise to the level required under Rule 60. Mr. Adkins could have previously tendered the evidence and argument but he did not do so. In his Response to Quality Car's Motion for Summary Judgment, filed on October 31, 2016, he stated simply that "Quality [Car] knew of [his] health conditions prior to [Mr. Adkins] taking over [the] loan with them . . . . This was a predatory loan by Quality [Car] to cover up other mistakes . . ." and that he could "prove that Quality [Car] knew of [his] health problems and that . . . it was a predatory loan . . . !" These unadorned and unsworn allegations, however, fell well short of the bar at summary judgment. The further medical elaboration now provided is likewise insufficient to merit reconsideration.

Again, nowhere in Mr. Adkins' Motion does he deny the allegations central to this litigation, namely, the sale of, concealment of, or lack of responsibility for Quality Car's collateral.

It is, accordingly, **ORDERED** that Mr. Adkins' Motion to Reconsider [Dckt. 92] be, and is hereby, **DENIED.**